# JPMorganChase

**JPMorgan Chase & Co.**
Legal and Compliance Department
One Chase Manhattan Plaza
New York, NY 10081

**Frederic L. Lieberman, Esq.**
Vice President and
Assistant General Counsel
[212] 552-1815
[Fax] 552-1630

June 9, 2008

Via ECF

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/08
```

Re: Broyles v. J.P. Morgan Chase & Co.
(U.S. Dist. Ct., S.D.N.Y., 08 CV 03391 (WHP) (JCF))

Dear Judge Pauley:

We represent Defendant JPMorgan Chase Bank, N.A. (the "Bank"), incorrectly named as J.P. Morgan Chase & Co., in the above-entitled action. Defendant writes, pursuant to Section 3.A of Your Honor's Individual Practices, to request that the Court schedule a conference regarding Defendant's proposed motion to dismiss the Complaint in part pursuant to Fed. R. Civ. P. 12.

Pursuant to the terms of a written offer letter accepted and agreed to by Plaintiff, he was employed by the Bank as a Trader and Executive Director on the natural gas desk in the Global Commodities Group. That letter also specified the conditions under which Plaintiff could be eligible for an incentive compensation award. Plaintiff was employed by the Bank only for approximately four months, from October 2007 through January 2008. In January 2008, the Bank terminated Plaintiff's employment. Consistent with the terms of the offer letter, the Bank exercised its discretion and chose to not award Plaintiff any incentive compensation in connection with his employment with the Bank for three months of 2007.

Plaintiff now brings this diversity action asserting purported claims under New York common and statutory law. In his Complaint, Plaintiff completely ignores the offer letter and instead alleges that the Bank's decision not to pay him an incentive compensation award for 2007 breached an oral contract and an implied in fact contract, unjustly enriched the Bank, violated the wage payment provisions of the New York Labor Law, and was barred by

Hon. William H. Pauley                                                                June 9, 2008
Page 2

promissory estoppel. In addition, Plaintiff alleges that his manager and another trader made defamatory statements about him to other Bank employees and to other industry professionals.

Plaintiff's claims of breach of oral contract, breach of implied-in-fact contract, unjust enrichment/quantum meruit, and promissory estoppel are without legal merit. As a result, Defendant proposes to make a motion to dismiss all claims other than the defamation claim.

First, Defendant will show that, as a matter of law, Plaintiff cannot assert valid claims for breach of either an oral contract or an implied-in-fact contract, his principal claims in this matter. Plaintiff's compensation was governed by the express written terms of his offer letter, which states that the payment and amount of incentive compensation was within the Bank's "sole" and "complete discretion". In New York, where an employer retains absolute discretion whether to pay a bonus, and does not refer to specific objective criteria on which to base that decision, there is no enforceable provision which can be the subject of a breach of contract claim.

Further, it is well-established in New York that quantum meruit and unjust enrichment relief will not be granted in cases where there is an express contract covering the terms in dispute. Because the express terms of Plaintiff's offer letter govern Plaintiff's eligibility for an incentive compensation award, these claims also should be dismissed as a matter of law.

Plaintiff's claim that the Bank violated the wage payment provisions of the New York Labor Law also is meritless. That claim specifically was rejected by the New York Court of Appeals in Truelove v. Northeast Capital & Advisory, Inc., 95 N.Y.2d 220, 223, 715 N.Y.S.2d 366, 367 (2000), where "[t]he dispositive issue ... [was] whether plaintiff's bonus constitutes 'wages' within the meaning of the Labor Law." The Court held that it did not, stating that "the more restrictive statutory definition of 'wages', as 'earnings for labor or services rendered,' excludes incentive compensation" and that "[d]iscretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship, falls outside the protection of the statute." Id. at 224, 715 N.Y.S.2d at 368.

Finally, Defendant will show that Plaintiff's promissory estoppel claim cannot succeed for a number of reasons, including: (1) New York does not recognize promissory estoppel in employment matters; (2) such a claim requires a clear and unambiguous promise to pay incentive compensation, which does not exist here; and (3) Plaintiff is presumed to have read the written offer letter that he signed, which unambiguously stated the terms for an incentive compensation award, and therefore may not claim that he relied on alleged oral representations specifying different terms for such compensation.

Accordingly, Defendant respectfully requests that the Court hold a pre-motion conference and set a schedule for briefing and submission of Defendant's motion to dismiss.

*Application Granted. The Court will hold the initial pre-trial conference and a pre-motion conference on July 15, 2008 at 2:00 p.m. SO ORDERED:*

Respectfully,

WILLIAM H. PAULEY III U.S.D.J.
6/26/08

cc: Brian Kennedy, Esq. (via facsimile (212) 599-5551)