UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

JOHN BROYLES,                                       :

                              Plaintiff,            :        ECF

              - against -                           :        08 Civ. 03391 (WHP) (JCF)

J.P. MORGAN CHASE & CO.,                            :        **ANSWER**

                              Defendant.            :

--------------------------------------------------------------X

       Defendant JPMorgan Chase Bank, N.A., wrongly named as J.P. Morgan Chase & Co., by

its attorneys, JPMorgan Chase Legal and Compliance Department, Frederic L. Lieberman,

Assistant General Counsel, as and for its Answer to Plaintiff's Complaint (the "Complaint"),

asserts as follows:

### AS TO INTRODUCTION

       1.      The allegations set forth in Paragraph 1 of the Complaint constitute either argument

or conclusions of law, as to all of which no response is required. To the extent a response is

required, denies the truth of the allegations set forth therein, except avers that Plaintiff purports to

seek relief for alleged violations of New York common and statutory law. Defendant refers to

relevant common and statutory law for their meaning, and denies that Plaintiff is entitled to any

remedy or relief pursuant to relevant common and statutory law.

### AS TO JURISDICTION AND VENUE

       2.      The allegations set forth in Paragraph 2 of the Complaint constitute conclusions of

law, as to all of which no response is required. To the extent a response is required, denies

knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

3.    The allegations set forth in Paragraph 3 of the Complaint constitute conclusions of law, as to all of which no response is required. To the extent a response is required, denies the truth of the allegations set forth therein Paragraph 3, except admits some or all of the events referred to in the Complaint took place within the Southern District of New York.

## AS TO PARTIES

4.    Upon information and belief, admits the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.    Denies the truth of the allegations set forth in Paragraph 5 of the Complaint, except admits that Plaintiff was employed by JPMorgan Chase Bank, N.A. from October 8, 2007 through January 16, 2008.

6.    Denies the truth of the allegations set forth in Paragraph 6 of the Complaint, including the implication that JPMorgan Chase & Co. was Plaintiff's employer, except admits that JPMorgan Chase & Co. is a Delaware corporation and has its principal place of business in New York, New York, and avers that JPMorgan Chase Bank, N.A. was Plaintiff's employer, is a national banking association, and has its main office at 1111 Polaris Parkway, Columbus, Ohio 43240.

7.    Admits the truth of the allegations set forth in Paragraph 7 of the Complaint, insofar as they refer to JPMorgan Chase & Co.

## AS TO ALLEGATIONS COMMON TO ALL COUNTS

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, except admits that Plaintiff previously had been employed as a commodities trader at other firms.

9.      Admits the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.     Denies the truth of the allegations set forth in Paragraph 10 of the Complaint, except admits that Plaintiff was hired by the Bank as a US Nat Gas East Basis trader on the natural gas desk in the Global Commodities Group and had the title of Executive Director.

11.     Admits the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     Admits the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, except admits that the Bank, its subsidiaries, and its affiliated companies utilize a variety of compensation plans for their employees.

14.     Denies the truth of the allegations set forth in Paragraph 14 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding conversations that Plaintiff claims to have had with other unnamed persons at the Bank.

15.     Denies the truth of the allegations set forth in Paragraph 15 of the Complaint, except admits that Plaintiff was advised that he would receive a base annual salary of $150,000, and would be eligible for an incentive compensation award in accordance with the terms of the incentive compensation plan applicable to him.

3

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies the truth of the allegations set forth in Paragraph 19 of the Complaint, except admits that Plaintiff's trading profits for 2007 were in excess of $20,000,000.

20.     Denies the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Denies the truth of the allegations set forth in Paragraph 21 of the Complaint, except admits that Foster Smith and Plaintiff had a meeting at which they discussed Plaintiff's anticipated incentive compensation award for 2007.

22.     Denies the truth of the allegations set forth in Paragraph 22 of the Complaint, except avers that, when Plaintiff was not at the Bank's offices on the morning of January 9, 2008, he was called by another employee and instructed to close his open trading positions, which he began to do that day.

23.     Admits the truth of the allegations set forth in Paragraph 23 of the Complaint, and avers that all or most of the traders on the Bank's natural gas desk incurred trading losses during early January 2008.

24.     Denies the truth of the allegations set forth in Paragraph 24 of the Complaint, except admits that Plaintiff and Foster Smith discussed the closing of Plaintiff's open trading positions and the trading losses he was incurring during 2008 and that Plaintiff disagreed with some or all of the instructions he received regarding the closing of his open trading positions.

25.     Denies the truth of the allegations set forth in Paragraph 25 of the Complaint, except admits that Foster Smith, head of US Power & Gas Trading, Ray Eyles, the co-head of

Energy in the Global Commodities Group, and Patricia Dever, the Human Resources Business Partner for the Global Commodities Group, met with Plaintiff and that Foster Smith told Plaintiff that he had lost confidence in him.

26.    Admits the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.    Denies the truth of the allegations set forth in Paragraph 27 of the Complaint, except admits that Plaintiff sent an email to Foster Smith on January 18, 2008 in which he stated that he considered his resignation to be a termination and that he expected to be paid the incentive compensation award that he had been promised.

28.    Denies the truth of the allegations set forth in Paragraph 28 of the Complaint, except admits that, acting in its complete discretion, Defendant determined to not pay Plaintiff any incentive compensation for performance year 2007.

29.    Admits the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.    Denies the truth of the allegations set forth in Paragraph 30 of the Complaint, except avers that after Plaintiff was escorted from the Bank's office building, Foster Smith, Raymond Eyles, and Catherine Flax met with many Bank employees who worked at the same location as Plaintiff, and advised them that inappropriate conduct would not be tolerated by the Bank.

31.    Denies the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.    Denies the truth of the allegations set forth in Paragraph 32 of the Complaint, except admits that mis-marking of a position could be, but is not always, "akin to lying", and could be, but is not always, grounds for termination of employment.

33.    The allegations set forth in Paragraph 33 of the Complaint constitute conclusions of law, as to all of which no response is required. To the extent a response is required, denies the truth of the allegations set forth in Paragraph 33 of the Complaint.

## AS TO COUNT I
## BREACH OF EXPLICIT ORAL CONTRACT

34.    Repeats and realleges its responses to paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.    Denies the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.    Denies the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.    Denies the truth of the allegations set forth in Paragraph 37 of the Complaint.

38.    Denies the truth of the allegations set forth in Paragraph 38 of the Complaint.

39.    Denies the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.    Denies the truth of the allegations set forth in Paragraph 40 of the Complaint.

## AS TO COUNT II
## BREACH OF IMPLIED-IN-FACT CONTRACT

41.    Repeats and realleges its responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42.    Denies the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.    Denies the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.    Denies the truth of the allegations set forth in Paragraph 44 of the Complaint.

45.    Denies the truth of the allegations set forth in Paragraph 45 of the Complaint.

46.    Denies the truth of the allegations set forth in Paragraph 46 of the Complaint.

47.    Denies the truth of the allegations set forth in Paragraph 47 of the Complaint.

## AS TO COUNT III
### UNJUST ENRICHMENT/QUANTUM MERUIT
### (as an alternative to Breach of Contract)

48.    Repeats and realleges its responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.    Denies the truth of the allegations set forth in Paragraph 49 of the Complaint.

50.    Denies the truth of the allegations set forth in Paragraph 50 of the Complaint.

51.    Denies the truth of the allegations set forth in Paragraph 51 of the Complaint.

52.    Denies the truth of the allegations set forth in Paragraph 52 of the Complaint.

53.    Denies the truth of the allegations set forth in Paragraph 53 of the Complaint.

## AS TO COUNT IV
### VIOLATION OF NEW YORK LABOR LAW

54.    Repeats and realleges its responses to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.    Denies the truth of the allegations set forth in Paragraph 55 of the Complaint.

56.    Denies the truth of the allegations set forth in Paragraph 56 of the Complaint.

57.    Denies the truth of the allegations set forth in Paragraph 57 of the Complaint.

## AS TO COUNT V
### PROMISSORY ESTOPPEL

58.    Repeats and realleges its responses to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.    Denies the truth of the allegations set forth in Paragraph 59 of the Complaint.

60.    Denies the truth of the allegations set forth in Paragraph 60 of the Complaint.

61.    Denies the truth of the allegations set forth in Paragraph 61 of the Complaint.

62.    Denies the truth of the allegations set forth in Paragraph 62 of the Complaint.

## AS TO COUNT VI
### PROMISSORY ESTOPPEL

63.    Denies the truth of the allegations set forth in Paragraph 63 of the Complaint.

64.    Denies the truth of the allegations set forth in Paragraph 64 of the Complaint.

65.    Denies the truth of the allegations set forth in Paragraph 65 of the Complaint.

### DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts that it bears the burden of proof only on those matters set forth as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure. Defendant sets forth its defenses and affirmative defenses to Plaintiff's claims as follows:

### AS AND FOR A FIRST DEFENSE

The Complaint, or portions thereof, fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

### AS AND FOR A SECOND DEFENSE

At all times relevant hereto, Defendants acted in good faith, in full compliance with and not in violation of any rights which may be secured by Plaintiff under any applicable federal, state or local law, rule, regulation or guideline.

### AS AND FOR A THIRD DEFENSE

Plaintiff's claims are barred by Plaintiff's own actions.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A FIFTH DEFENSE

Upon information and belief, Plaintiff's claims for damages are barred and/or limited in that he has failed to mitigate his damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

8

## AS AND FOR A SIXTH DEFENSE

All or part of the damages sought by Plaintiff are not available under the state law upon which this Complaint is based.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred because Defendant did not act maliciously or with reckless indifference toward Plaintiff.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the documentary evidence.

## AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred because there was no contract between the parties in which Plaintiff was promised a bonus.

## AS AND FOR A TENTH DEFENSE

Plaintiff's claims are barred by the parole evidence rule.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

## AS AND FOR A TWELFTH DEFENSE

Plaintiff's claim for attorneys' fees is barred as a matter of law.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's defamation claim is barred by New York CPLR 3016(a) because the Complaint fails to allege the particular words complained of.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff's defamation claim fails to allege the time, place and manner of the defamatory words' alleged publication.

9

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiff's defamation claim is barred in whole or in part by absolute or qualified privilege.

## AS AND FOR A SIXTEENTH DEFENSE

The defamatory words, if published and not privileged, were non-actionable statements of opinion.

## AS AND FOR A SEVENTEENTH DEFENSE

The defamatory words, if published, not privileged, and statements of fact, were true.

**WHEREFORE**, Defendant respectfully prays that the Court:

(a)    Enter judgment dismissing the Complaint in its entirety;

(b)    Deny the demands and requests for relief contained in the Complaint;

(c)    Award Defendant its reasonable attorneys' fees, costs and disbursements;

and

(d)    Grant such other and further relief as the Court may deem just and proper.

Dated: August 1, 2008

JPMORGAN CHASE LEGAL AND
COMPLIANCE DEPARTMENT

By: _____
    Frederic L. Lieberman, Esq.
Attorneys for Defendant
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com

To:    Brian Kennedy
    Attorney for Plaintiff
    535 Fifth Avenue, 23rd Floor
    New York, New York 10017
    (212) 687-0099

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JOHN BROYLES,                              :

                      Plaintiff,        :

           - against -                 :

J.P. MORGAN CHASE & CO.,                  :

               Defendant.       :

-------------------------------------------------------X

ECF

08 Civ. 03391 (WHP) (JCF)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2008 I caused a copy of the following documents:

**ANSWER,**

**DEFENDANT'S RULE 26 DISCLOSURE STATEMENT**

**and**

**NOTICE OF DEPOSITION**

to be served by first class mail directed to the attorney for plaintiff at the following address:

Brian Kennedy
535 Fifth Avenue, 23rd Floor
New York, NY 10017

Dated: August 1, 2008

Frederic L. Lieberman

168349:v1