**BRIAN KENNEDY, ESQ.** (BK-8588)
535 Fifth Avenue, 23rd Floor
New York, New York 10017
Telephone: 212-687-0099
Facsimile: 212-599-5551
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ :
:
JOHN BROYLES,                                                :     08 CV 03391 (WHP)
:
:     **PLAINTIFF'S RULE 26(a)**
:     **INITIAL DISCLOSURES**
:
                              Plaintiff,                     :     ECF Case
:
      v.                                                     :
:
J.P. MORGAN CHASE & CO.,                                     :
:
:
                              Defendant.                     :
:
------------------------------------------------------------ :

## PLAINTIFF'S INITIAL DISCLOSURES

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff makes the following initial disclosures upon Defendant J.P. Morgan Chase & Co. (hereinafter, "JPMorgan Chase").

### RESERVATIONS

1.   Plaintiff's initial disclosures are made without waiver of, or prejudice to, any objections Plaintiff may have. Plaintiff expressly reserves all objections, including but not limited to: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; (d)

undue burden; (e) materiality; (f) overbreadth; (g) the admissibility in evidence of these initial disclosures or the subject matter thereof; (h) producing proprietary and confidential business information or financial data that belongs to plaintiff; and (i) producing documents not required to be disclosed under applicable law. All objections are expressly preserved, as are Plaintiff's rights to move for a protective order.

2. Plaintiff has not completed its investigation of this case and reserves the right to clarify, amend, modify, or supplement the information contained in these initial disclosures if and when he obtains supplemental information, to the extent required by the Federal Rules of Civil Procedure or any other applicable Rule or Order.

3. Plaintiff's initial disclosures are made subject to and without limiting any of the foregoing.

# INITIAL DISCLOSURES

## Disclosures Pursuant to Rule 26(a)(1)

A. <u>**Identities of Individuals With Discoverable Information**</u>

1. The following named individuals are likely to possess discoverable information that Plaintiff may use to support his claims and allegations in the complaint. Any addresses not appearing herein will be provided to Defendant as they become available to Plaintiff's counsel.

    (a) John Broyles
           8 Westminster Drive
           Princeton Junction, New Jersey 08550
           Telephone: 609-378-5020

    (b) Foster Smith
           JPMorgan Chase

    (c) Keith Shoemaker
           JPMorgan Chase

    (d) Ray Eyles
           JPMorgan Chase

    (e) Patricia Dever
           JPMorgan Chase

    (f) Catherine Flax
           JPMorgan Chase

    (g) David Brown
           JPMorgan Chase

    (h) Nedim Soylemez (Solemeyer)
           JPMorgan Chase

    (i) Tyler Herrald
           JPMorgan Chase

    (j) Robert Trejo
           JPMorgan Chase

 (k)  Alena Kykova
    Address Unknown

 (l)  JPMorgan Chase employees (former or current, similarly situated to Plaintiff)
    JPMorgan Chase

 (m)  JPMorgan Chase employees (in Human Resources, Personnel, and/or Employee Relations)
    JPMorgan Chase

### B. Discoverable Documents in Plaintiff's Possession

1. Documents, data compilations, and tangible things that Plaintiff may use to support his claims and allegations in the complaint include the following:

 (a) Computerized data and other electronically-recorded information, located at the office of Defendant, relating to Plaintiff, Plaintiff's trading activity with Defendant, Plaintiff's employee records and employee performance, and the allegations in the complaint;

 (b) Documents and agreements relating to Plaintiff, Plaintiff's trading activity with Defendant, Plaintiff's employee records and employee performance, and the allegations in the complaint;

 (c) Correspondence relating to Plaintiff, Plaintiff's trading activity with Defendant, Plaintiff's employee records and employee performance, and the allegations in the complaint;

 (d) Documents in possession, custody, or control of third-parties relating to Plaintiff, Plaintiff's trading activity with Defendant, Plaintiff's employee records and employee performance, and the allegations in the complaint;

 (e) Regulatory or employee complaints, proceedings, or actions against Defendant, or its employees or agents, concerning the payment of employee wages and/or compensation;

 (f) Financial data relating to Plaintiff, Plaintiff's trading activity with Defendant, Plaintiff's employee records and employee performance, and the allegations in the complaint.

**C.** **Insurance Agreements**

1. Plaintiff was not covered under any insurance policy.

**D.** **Basis for Plaintiff's Claimed Damages**

1. The computation of damages claimed by Plaintiff consists of compensatory damages as stated in the Complaint, as well as interest and costs, and punitive damages, such damages to be specifically established upon trial, and statutory liquidated damages and attorney's fees. Such compensatory damages are in regard to Plaintiff's claims for breach of contract, breach of implied contract, unjust enrichment/quantum meruit, and promissory estoppel, such punitive damages are in regard to Plaintiff's claim for defamation, and such liquidated damages and attorney's fees are in regard to Plaintiff's claim under New York Labor Law. Furthermore, Defendant may derive a calculation of the amount of damages from certain records already in Defendant's possession, including but not limited to records for Plaintiff's employment and trading activity at JPMorgan Chase.

### E. **Identification of Experts**

1. Plaintiff has not yet identified an expert to testify at trial and will disclose such information as it becomes available as required by the Federal Rules of Civil Procedure and pertinent case law.

Plaintiff reserves all rights as stated above.

Dated:   August 14, 2008

Respectfully,

Brian Kennedy, Esq. (BK-8588)
535 Fifth Avenue, 23rd Floor
New York, New York 10017
Tel.: (212) 687-0099
Fax: (212) 599-5551
**Attorney for Plaintiff**

Docket No. 08 CV 03391 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ :
                                                             :
JOHN BROYLES,                                                :
                                                             :
                                                             :
                                                             :
                                                             :
                              Plaintiff,                     :
                                                             :
         v.                                                  :
                                                             :
J.P. MORGAN CHASE & CO.,                                     :
                                                             :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ :

**PLAINTIFF'S RULE 26(a)
INITIAL DISCLOSURES**

------------------------------------------------------------

**BRIAN KENNEDY, ESQ.**
535 Fifth Avenue, 23rd Floor
New York, New York 10017
Telephone: 212-687-0099
Facsimile: 212-599-5551
**Attorney for Plaintiff**

7